*Unsealed on* ~~SECRET~~ 10/20/2008. (LH)

'08 APR 24 PM 4:28

BY: EC  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2007 Grand Jury

'08 CR 1332 JAH

| UNITED STATES OF AMERICA, | ) Criminal Case No. _____ |
|---|---|
| Plaintiff, | ) <br> ) **I N D I C T M E N T** |
| v. | ) <br> ) Title 18, U.S.C., Sec. 371; |
| RAUL VILLARREAL (1), <br> FIDEL VILLARREAL (2), <br> CLAUDIA GONZALEZ (3), <br> ARMANDO GARCIA (4), | ) Title 8, U.S.C., <br> ) Sec. 1324(a)(2)(B)(ii) - <br> ) Conspiracy to Bring in Illegal <br> ) Aliens for Financial Gain; <br> ) Title 8, U.S.C., |
| Defendants. | ) Sec. 1324(a)(2)(B)(ii) - Bringing <br> ) in Illegal Aliens for Financial <br> ) Gain; Title 18, U.S.C., <br> ) Secs. 201(b)(2)(A) and (C) - <br> ) Receiving Bribe by Public <br> ) Official; Title 18, U.S.C., <br> ) Sec. 201(b)(1)- Bribery of a <br> ) Public Official; Title 18, U.S.C., <br> ) Secs. 1956(a)(2)(A) and (h) - <br> ) Conspiracy To Launder Money; <br> ) Title 18, U.S.C., <br> ) Secs. 1512(a)(2)(A), 1512(b)(1), <br> ) and 1512(k) - Conspiracy to Tamper <br> ) with a Witness; Title 18, U.S.C., <br> ) Sec. 1512(a)(2)(A) - Witness <br> ) Tampering; Title 18, U.S.C., <br> ) Sec. 1512(b)(1) - Witness <br> ) Tampering; Title 18, U.S.C., <br> ) Sec. 2 - Aiding and Abetting; <br> ) Title 18, U.S.C., <br> ) Secs. 981(a)(1)(C), 982(a)(1), and <br> ) (a)(6); and Title 28, U.S.C., <br> ) Sec. 2461 - Criminal Forfeiture |

TFS:nlv:San Diego
4/24/08

The grand jury charges:

INTRODUCTORY ALLEGATIONS

At various times pertinent to this indictment:

1. Defendant FIDEL VILLARREAL was employed by United States Customs and Border Protection as a Senior Border Patrol Agent assigned to the Brown Field Border Patrol Station and was responsible for enforcing United States immigration laws.

2. Defendant RAUL VILLARREAL was employed by United States Customs and Border Protection as a Senior Border Patrol Agent assigned to the Imperial Beach Border Patrol Station and was responsible for enforcing United States immigration laws.

Count 1

Conspiracy to Bring in Illegal Aliens for Financial Gain

[18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(2)(B)(ii)]

Beginning on a date unknown to the grand jury and continuing up to and including 2007, within the Southern District of California, and elsewhere, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, CLAUDIA GONZALEZ, Hector Cabrera (charged elsewhere), Anailde Trotman (charged elsewhere), and others, did knowingly conspire with each other and others to commit offenses against the United States that is, to bring illegal aliens to the United States for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

It was the purpose and object of the conspiracy to bring aliens from Brazil and Mexico illegally into the United States and transport them without detection by law enforcement officials for the purpose of personal financial gain and commercial advantage.

//

THE MANNER AND MEANS OF THE CONSPIRACY

In furtherance of this conspiracy and to effect the objects thereof, defendants RAUL VILLARREAL, FIDEL VILLARREAL, ARMANDO GARCIA, CLAUDIA GONZALEZ, and Hector Cabrera, Anailde Trotman, (both charged elsewhere), utilized the following manner and means among others:

1. The defendants ran an alien smuggling organization to bring illegal aliens into the United States from Mexico for money.

2. Defendant CLAUDIA GONZALEZ coordinated with defendants RAUL VILLARREAL, FIDEL VILLARREAL, ARMANDO GARCIA, Hector Cabrera and others to lead groups of illegal aliens across the United States-Mexico border at places other than a designated port of entry where they were picked up transported to other locations within the United States in furtherance of their illegal entry.

3. Defendant ARMANDO GARCIA acted as a foot guide and led illegal aliens into the United States at places other than a designated port of entry to avoid detection and guided the illegal aliens to Border Patrol vehicles driven by defendants FIDEL VILLARREAL and RAUL VILLARREAL near the United States-Mexico border.

4. Defendants CLAUDIA GONZALEZ and ARMANDO GARCIA bribed defendants RAUL VILLARREAL and FIDEL VILLARREAL not to perform their duties, that is, enforce the immigration laws of the United States, but instead to pick up and transport illegal aliens in their official Border Patrol vehicles to avoid detection by immigration officials.

5. Hector Cabrera recruited, hired, and directed drivers of vehicles used to transport aliens who illegally entered the United States.

//
//

6. Hector Cabrera collected money representing alien smuggling proceeds from Anailde Trotman and others, and provided the money to defendant ARMANDO GARCIA for further distribution among the coconspirators in Mexico.

7. Defendants ARMANDO GARCIA collected money representing alien smuggling proceeds from Hector Cabrera within the United States and transported the money to defendant CLAUDIA GONZALEZ in Mexico for further distribution among RAUL VILLARREAL, FIDEL VILLARREAL, and other coconspirators.

8. Anailde Trotman arranged with aliens from Brazil to smuggle them into the United States for money and coordinated with Hector Cabrera and others to smuggle the aliens into the United States and transport them.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others were committed within the Southern District of California, and elsewhere:

1. On or about May 31, 2005, defendant CLAUDIA GONZALEZ contacted Hector Cabrera and arranged to have illegal aliens transported within the United States after they were dropped off by defendant RAUL VILLARREAL.

2. On May 31, 2005, defendant RAUL VILLARREAL picked up illegal aliens in his official Border Patrol vehicle, transported the aliens to a remote location to avoid detection by immigration officials, and released them in furtherance of their illegal entry.

3. On June 12, 2005, defendant FIDEL VILLARREAL picked up illegal aliens in his official Border Patrol vehicle,

4

transported them to a remote location to avoid detection by immigration officials, and released them in furtherance of their illegal entry.

4. On or about October 30, 2005, defendant ARMANDO GARCIA led a group of illegal aliens into the United States by walking across the border at a place other than a designated port of entry.

5. On or about October 30, 2005, defendant ARMANDO GARCIA led a group of illegal aliens into an official Border Patrol vehicle driven by defendant FIDEL VILLARREAL.

6. On or about October 30, 2005, defendant FIDEL VILLARREAL picked up and transported defendant ARMANDO GARCIA and a group of illegal aliens in his official Border Patrol vehicle to avoid detection by immigration officials, and released them in furtherance of their illegal entry.

7. On or about December 2, 2005, defendant ARMANDO GARCIA led a group of illegal aliens into the United States by walking across the border at a place other than a designated port of entry.

8. On or about December 2, 2005, defendant ARMANDO GARCIA led the group of illegal aliens into an official Border Patrol vehicle driven by defendant FIDEL VILLARREAL.

9. On or about December 2, 2005, defendant FIDEL VILLARREAL picked up and transported defendant ARMANDO GARCIA and a group of illegal aliens in his official Border Patrol vehicle to avoid detection by immigration officers, and released them in furtherance of their illegal entry.

//

10. On or about January 21, 2006, defendant ARMANDO GARCIA led a group of illegal aliens into the United States by walking across the border at a place other than a designated port of entry.

11. On or about January 21, 2006, defendant ARMANDO GARCIA led a group of illegal aliens into an official Border Patrol vehicle driven by defendant FIDEL VILLARREAL.

12. On or about January 21, 2006, defendant FIDEL VILLARREAL picked up and transported defendant ARMANDO GARCIA and a group of illegal aliens in his official Border Patrol vehicle to avoid detection by immigration officials, and released them in furtherance of their illegal entry.

13. On or about April 9, 2006, defendant ARMANDO GARCIA led a group of illegal aliens into the United States by walking across the border at a place other than a designated port of entry.

14. On or about April 9, 2006, defendant ARMANDO GARCIA led the group of illegal aliens to a remote location and into an official Border Patrol vehicle driven by defendant FIDEL VILLARREAL.

15. On or about April 9, 2006, defendant FIDEL VILLARREAL picked up illegal aliens in an official Border Patrol vehicle to avoid detection by immigration officials, and released them in furtherance of their illegal entry.

16. During 2005, defendant RAUL VILLARREAL made cash deposits totaling approximately $27,896 into his bank account in the United States.

//

17. During 2006, defendant RAUL VILLARREAL made cash deposits totaling approximately $35,300 into his bank account in the United States.

All in violation Title 18, United States Code, Section 371.

## Count 2

### Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about June 12, 2005 within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Alex Cardoso-Miranda, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

## Count 3

### Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about October 30, 2005 within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Andrea Vaz-deAlmeida, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the

purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

### Count 4

### Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about October 30, 2005 within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Juliana Tele-Teofilo, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

### Count 5

### Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about October 30, 2005 within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Floraci Candida-daSilva, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the

purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

### Count 6

### Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about December 2, 2005 within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Danilo Carvalho-Silva, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

### Count 7

### Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about December 2, 2005 within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Fabio Dos Santos, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the

purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## Count 8

### Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about December 2, 2005 within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Paula Dos Reis, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## Count 9

### Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about December 2, 2005 within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Jose Marcelino, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of

commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

Count 10

Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about January 21, 2006, within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Hugo Pliego-Pliego, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

Count 11

Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about January 21, 2006, within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Jose Vaca-Ayala, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the

purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## Count 12

### Bringing in Illegal Aliens for Financial Gain

[8 U.S.C. § 1324(a)(2)(B)(ii)]

On or about January 21, 2006, within the Southern District of California, defendants FIDEL VILLARREAL, RAUL VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard that an alien, namely Alejandro Romero-Garcia, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2, and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## Count 13

### Receiving Bribe by Public Official

[18 U.S.C. § 201(b)(2)(A) and (C)]

Between a date unknown and up to an including June 26, 2006, within the Southern District of California, and elsewhere, defendants FIDEL VILLARREAL and RAUL VILLARREAL, then public officials, that is United States Border Patrol Agents, did directly and indirectly corruptly demand, seek, receive, accept, and agree to receive something of value personally, that is United States currency, in return for being influenced in the performance of an official act and

being inducted to do and omit to do an act in violation of defendants' official duties, that is failing to enforce the immigration laws of the United States, by aiding and abetting the bringing in of illegal aliens, and transporting illegal aliens; all in violation of Title 18, United States Code, Sections 201(b)(2)(A), (C), and 2.

### Count 14

### Bribery of a Public Official

[18 U.S.C. § 201(b)(1)(A) and (C)]

Between a date unknown and up to an including June 26, 2006, within the Southern District of California, and elsewhere, defendants ARMANDO GARCIA and CLAUDIA GONZALEZ did directly and indirectly corruptly offer, promise to give and give something of value personally, that is United States currency, to FIDEL VILLARREAL and RAUL VILLARREAL, then public officials, that is, United States Border Patrol Agents, to influence the public officials to do and omit to do an act in violation of their official duties, that is failing to enforce the immigration laws of the United States, by aiding and abetting the bringing in of illegal aliens, and transporting illegal aliens; all in violation of Title 18, United States Code, Sections 201(b)(1)(A), (C), and 2.

### Count 15

### CONSPIRACY TO LAUNDER MONEY (INTERNATIONAL PROMOTION)

[18 U.S.C. §§ 1956(a)(2)(A) and (h)]

1.  The Introductory Allegations and the Manner and Means in Count 1 are hereby re-alleged and restated.

2.  Beginning on a date unknown to the grand jury and continuing up to the date of this Indictment, within the Southern District of California, and elsewhere, defendants RAUL VILLARREAL, FIDEL

1  VILLARREAL, CLAUDIA GONZALEZ, ARMANDO GARCIA, and others did knowingly
2  conspire with others known and unknown to the grand jury to knowingly
3  transmit and transfer monetary instruments and funds from a place in
4  the United States to a place outside thereof, to wit, Mexico,
5  affecting foreign commerce, with the intent to promote the carrying
6  on of specified unlawful activity, to wit, alien smuggling in
7  violation of Title 18, United States Code, Section 1956(a)(2)(A).
8  All in violation of Title 18, United States Code, Section 1956(h).

## Count 16

### CONSPIRACY TO TAMPER WITH A WITNESS

[18 U.S.C. §§ 1512(a)(2)(A), (b)(1), and (k)]

12  1. The Introductory Allegations and the Manner and Means in
13  Count 1 are hereby re-alleged and restated.
14  2. Beginning on a date unknown to the grand jury and continuing
15  up to the date of this Indictment, within the Southern District of
16  California, and elsewhere, defendants FIDEL VILLARREAL, RAUL
17  VILLARREAL, ARMANDO GARCIA, and CLAUDIA GONZLAEZ did intentionally and
18  knowingly conspire with others known and unknown to the grand jury to
19  use the threat of physical force and to knowingly use intimidation and
20  threaten another person with the intent to influence, delay, and
21  prevent the testimony of another person, that is, Hector Cabrera, in
22  an official proceeding within the Southern District of California; in
23  violation of Title 18, United States Code, Sections 1512(a)(2)(A),
24  (b)(1), and (k).
25  //
26  //
27  //
28  //

## Count 17

### WITNESS TAMPERING

[18 U.S.C. § 1512(a)(2)(A)]

During late September 2007, within the Southern District of California, and elsewhere, defendants CLAUDIA GONZALEZ, FIDEL VILLARREAL, RAUL VILLARREAL, and ARMANDO GARCIA, did use the threat of physical force with the intent to influence, delay, and prevent the testimony of another person, that is, Hector Cabrera, in an official proceeding within the Southern District of California; in violation of Title 18, United States Code, Sections 1512(a)(2)(A), and 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

## Count 18

### WITNESS TAMPERING

[18 U.S.C. § 1512(b)(1)]

During late March 2008, within the Southern District of California, and elsewhere, defendants CLAUDIA GONZALEZ, FIDEL VILLARREAL, RAUL VILLARREAL, and ARMANDO GARCIA, did knowingly use intimidation and threaten another person, that is, Maria Irene Flores, with the intent to influence, delay, and prevent the testimony of another person, that is, her son, Hector Cabrera, in an official proceeding within the Southern District of California; in violation of Title 18, United States Code, Sections 1512(b)(1), 2, and Pinkerton v. United States, 328 U.S. 640 (1946).

//
//
//
//
//

## CRIMINAL FORFEITURE

MONEY LAUNDERING

1. The allegations contained in Count 15 are realleged and by their reference fully reincorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 1956, and Title 18, United States Code, Section 982(a)(1).

2. As a result of the commission of the felony money laundering offense alleged in Count 15 of this Indictment, said violation being punishable by imprisonment for more than one year and pursuant to Title 18, United States Code, Sections 1956(a)(2)(A) and (h), and Title 18, United States Code, Section 982(a)(6), defendants RAUL VILLARREAL, FIDEL VILLARREAL, CLAUDIA GONZALEZ, and ARMANDO GARCIA shall, upon conviction, forfeit to the United States all their rights, title and interest in the following: (a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which defendants are charged; (b) any property real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the defendants are charged; (c) any property real or personal, that is used to facilitate, and is intended to be used to facilitate, the commission of the offenses of which the defendants are charged.

//

3. If any of the above-described forfeitable property, as a result of any action or omission of the defendant -
   (a) cannot be located upon the exercise of due diligence;
   (b) has been transferred or sold to, or deposited with, a third party;
   (c) has been placed beyond the jurisdiction of the Court;
   (d) has been substantially diminished in value; or
   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of said property listed above as being subject to forfeiture; all in violation of Title 18, United States Code, Sections 982(a)(1) and 1956.

BRINGING IN ILLEGAL ALIENS

1. The allegations contained in Counts 1 through 12, inclusive, are realleged and by their reference fully reincorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 8, United States Code, Section 1324(a), and Title 18, United States Code, Section 982(a)(6).

2. As a result of the commission of the felony offenses alleged in Counts 1 through 12 of this Indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 8, United States Code, Section 1324(a), and Title 18, United States Code, Section 982(a)(6), defendants RAUL VILLARREAL and FIDEL VILLARREAL, CLAUDIA GONZALEZ, and ARMANDO GARCIA shall,

upon conviction, forfeit to the United States all their rights, title and interest in the following: (a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which defendants are charged; (b) any property real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the defendants are charged; (c) any property real or personal, that is used to facilitate, and is intended to be used to facilitate, the commission of the offenses of which the defendants are charged.

3. If any of the above-described forfeitable property, as a result of any action or omission of the defendant -
    (a)  cannot be located upon the exercise of due diligence;
    (b)  has been transferred or sold to, or deposited with, a third party;
    (c)  has been placed beyond the jurisdiction of the Court;
    (d)  has been substantially diminished in value; or
    (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of said property listed above as being subject to forfeiture; all in violation of Title 18, United States Code, Section 982(a)(6), and Title 8, United States Code, Section 1324.

//

BRIBERY

1. The allegations contained in Count 13 are realleged and by their reference fully reincorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 201 and 981(a)(1)(C), and Title 28, United States Code, Section 2461.

2. As a result of the commission of the offense alleged in Count 13 of this Indictment, involving receiving bribes by a public official in violation of Title 18, United States Code, Sections 201(b)(2)(A) and (C), defendants RAUL VILLARREAL and FIDEL VILLARREAL shall, upon conviction, forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to those offenses.

3. If any of the above-described forfeitable property, as a result of any action or omission of the defendant -
   (a) cannot be located upon the exercise of due diligence;
   (b) has been transferred or sold to, or deposited with, a third party;
   (c) has been placed beyond the jurisdiction of the Court;
   (d) has been substantially diminished in value; or
   (e) has been commingled with other property which cannot be subdivided without difficulty;

//
//

1  it is the intent of the United States, pursuant to Title 18, United
2  States Code, Section 982(b), to seek forfeiture of any other property
3  of the defendants up to the value of said property listed above as
4  being subject to forfeiture; all pursuant to Title 18, United States
5  Code, Section 981(a)(1)(C), and Title 28, United States Code,
6  Section 2461.

7  DATED: April 24, 2008.

A TRUE BILL:

_____
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
TIMOTHY F. SALEL
Assistant U.S. Attorney